Gilbert Hume Rowe and Hilda Deshautreaux Rowe v. Commissioner.
Rowe v. Commissioner
Docket No. 68298.
United States Tax Court
T.C. Memo 1959-100; 1959 Tax Ct. Memo LEXIS 147; 18 T.C.M. (CCH) 446; T.C.M. (RIA) 59100; May 19, 1959
*147 Held, that expenditures by petitioner Gilbert Hume Rowe, in 1955, for his son's room, board, tuition, books, and personal needs while attending the University of South Carolina as a student are not deductible as expenses for medical care within the meaning of section 213(a) and 213(e)(1)(A) and (B) of the Code of 1954. Gilbert Hume Rowe, pro se, 755 Kipling Drive, Columbia, S. C. Robert A. Watson, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of petitioners for the taxable year 1955. The sole contested issue is whether or not petitioners are entitled to deduct as expenses for medical care, amounts paid by Gilbert Hume Rowe in 1955 for his son's room, board, tuition, books, and personal needs while the son *148 was attending the University of South Carolina as a student. Findings of Fact Most of the facts are stipulated and are incorporated herein by this reference. On April 17, 1956, Gilbert Hume Rowe, Sr., and Hilda Deshautreaux Rowe, residing at 755 Kipling Drive, Columbia, South Carolina, filed a joint income tax return for the calendar year 1955 with the district director of internal revenue for the district of South Carolina. Edward Clifford Rowe is the son of the petitioners, Gilbert Hume Rowe and Hilda Deshautreaux Rowe. For convenience, Gilbert Hume Rowe will hereafter be referred to as petitioner. On December 1, 1949, Edward Clifford Rowe, who was at that time a high school student, joined the U.S. Naval Reserve. On February 11, 1952, while a sophomore at the University of South Carolina, he was called to active duty with the United States Navy. On February 19, 1952, he was admitted to the U.S. Naval Hospital at Bainbridge, Maryland, for psychiatric observation because of an acute mental disturbance. On March 13, 1952, he was transferred from the Naval Hospital at Bainbridge to the U.S. Naval Hospital, Philadelphia, Pennsylvania. He was discharged from treatment at this *149 hospital on May 21, 1952, and transferred to the Veterans Hospital, Augusta, Georgia, for further treatment and disposition. His emotional condition was described as schizophrenic reaction, paranoid, chronic. He was released from the Veterans Hospital in Augusta on August 1, 1952, in the care of his mother for a "90-day trial visit." His emotional condition was described as schizophrenic reaction, paranoid, complete remission. While on the first of three consecutive "90-day trial visit" periods, Edward Clifford Rowe reentered the University of South Carolina during September 1952, after missing only one semester, to resume his studies. At the end of the third trial visit period on April 29, 1953, he was unconditionally released from the Veterans Hospital in Augusta, Georgia. From December 9, 1953, when he was examined by the United States Navy, until April 10, 1957, when he was examined by Bothwell Graham, III, M. D., he received no medical treatment. He reentered the Veterans Hospital in May of 1957 for examination and treatment, and was released on September 10, 1957, from the Veterans Hospital has having received maximum hospital benefits. Petitioner expended $680 during 1955 *150 for his son's room, board, tuition, books and personal needs while the son was attending the University of South Carolina as a student. Opinion The sole contested issue is whether petitioners are entitled to deduct as expenses for medical care of their son, amounts paid by petitioner in 1955 for his son's room, board, tuition, books, and personal needs while the son was attending the University of South Carolina as a student. The applicable provisions of section 213 of the 1954 Code are set out in a footnote. [1] The burden of proof rests with petitioners. *151 Petitioners' son was attending as a student. There is no evidence in the case that he was sent there on advice of any doctor, whether specialist or general practitioner. Likewise, there is no evidence that his attendance had as its objective, mental or physical therapy. During the year in question, he received no medical treatment. We think it clear, without further elaboration, that the evidence presented does not establish that the expenses in question were for medical care within the meaning of section 213, supra. In fact, petitioner at the trial of the case clearly indicated that he himself did not regard the particular expenses to have been made for medical care. His position was that he believed his son, as a Korean War veteran, was eligible to go to college at the expense of the Veterans Administration, and that since the Veterans Administration did not pay for his son's college attendance, he (petitioner) should at least have tax relief for the payments made. He does not suggest, however, and we are unable to find any provisions of the Revenue Code of 1954 which entitle petitioner, on the present record, to the relief sought. Decision will be entered under Rule 50. Footnotes
1. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction. - There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent. * * *
(e) Definitions. - For purposes of this section. - (1) The term "medical care" means amounts paid - (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or (B) for transportation primarily for and essential to medical care referred to in subparagraph (A).↩